IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM K ROWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-336-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative proceedings.

## I.     PROCEDURAL BACKGROUND

Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-19). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 17, 2009, the alleged disability onset date. (TR. 13). At step two, the ALJ determined Mr. Rowell had severe impairments of degenerative disc disease of the lumbar spine and spinal stenosis. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).

At step four, the ALJ found that Plaintiff could not perform his past relevant work. (TR. 17). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except 76455467 [sic]. The claimant can occasionally lift and carry 10 pounds; frequently lift and carry less than 10 pounds. The claimant can stand/walk two hours out of an eight hour workday; and the claimant can sit six hours out of an eight hour workday. The claimant can occasionally climb ramps and stairs. The claimant should never climb ladders, ropes, or scaffolding. The claimant can occasionally stoop, kneel, and crouch, but should never crawl. The claimant has no manipulative, visual, communicative, our [sic] environmental limitations.

(TR. 14).

Based on the finding that Mr. Rowell could not perform his past relevant work, the ALJ proceeded to step five. There, he presented the limitations from the RFC to a vocational expert (VE) to determine whether there were other jobs Plaintiff could perform. (TR. 46). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 46-47). The ALJ adopted the testimony of the VE and concluded that Mr. Rowell was not disabled based on his ability to perform the identified jobs. (TR. 18).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) an improper evaluation of "other source" evidence and (2) error in the credibility analysis.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

# V. ERROR IN THE CONSIDERATION OF "OTHER SOURCE" EVIDENCE

Plaintiff alleges error in the evaluation of an opinion from physician assistant, Ron Secoy. Mr. Rowell's allegations have merit.

## A. ALJ's Duty to Consider Evidence from "Other Sources"

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at 4, 6 (SSR 06-3p). "Medical sources who are 'not acceptable medical sources,' [include] . . . physician assistants[.]" SSR 06-03-p, at 2.

Opinions from these "non-medical sources" who have seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at 5.

In evaluating "other source" evidence, not every factor will apply in every case. *Id.* at 5. However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id.*

### B. Medical Source Statement from Physician Assistant Ron Secoy

From October 25, 2010 to April 27, 2012, Rush Springs Clinic physician assistant Ron Secoy treated Plaintiff for chronic low back pain. (TR. 468-469, 473-476, 484, 507-513). On April 27, 2012, Mr. Secoy authored a "Medical Source Statement-Physical" (MSS) which documented Mr. Rowell's physical work-related abilities and limitations based on Mr. Secoy's 18-month treatment of Plaintiff. (TR. 515-516).

In the MSS, Mr. Secoy opined that Mr. Rowell could: (1) not frequently lift and/or carry any amount of weight, (2) occasionally lift and/or carry up to 10 pounds, (3) stand or walk for one hour continuously, for a total of less than 2 hours during an 8-hour workday, (4) sit for 20-30 minutes continuously, for a total of less than 2 hours during an 8-hour workday, (5) never climb, balance, stoop, kneel, or crawl, (6) occasionally reach and handle, and (7) frequently finger and feel. (TR. 515-516). Mr. Secoy also stated that Mr. Rowell would: (1) need to lie down during the day to manage his pain, and (2) require environmental restrictions which would not allow exposure to cold or vibratory conditions and preclude operation of machinery which required a fixed position or frequent manipulation. (TR. 516).

Mr. Secoy stated that his opinions were based on: (1) diagnoses of degenerative joint and disc disease, arthralgia, spinal stenosis, and chronic sciatic pain; and (2) poor range of motion and increased pain with strain on Plaintiff's back. (TR. 516).

### C. Error in the Consideration of Mr. Secoy's Medical Source Statement

In the decision, the ALJ recited Mr. Secoy's findings on the MSS with regard to Plaintiff's ability to lift, carry, sit, stand, and walk. (TR. 16). The ALJ omitted any

5

discussion, however, of Mr. Secoy's opinions regarding Mr. Rowell's abilities to climb, balance, stoop, kneel, crouch, reach, handle, finger, feel, need to lie down during the day, and environmental restrictions. (TR. 16). The ALJ stated that he gave the MSS "little weight," providing three reasons. But all of the reasons are invalid and the ALJ's lack of explanation constitutes legal error.

First, the ALJ stated: "Physician's Assistant Secoy does not indicate his relationship with the claimant, how long he has treated the claimant, or when he first saw and last saw the claimant." (TR. 16). In evaluating Mr. Secoy's opinion, the ALJ was entitled to consider the treatment relationship, including length and frequency of treatment. *See* SSR 06-03p, at 5. But the ALJ's rationale lacks support. All of Mr. Secoy's progress notes, the MSS, a "jury hardship" form, and insurance paperwork completed by Mr. Secoy indicate that his opinions were based on a "treatment" relationship with Plaintiff. *See* TR. 473-476, 483, 484, 507-512, 516) (Mr. Secoy's printed or signed name documenting him as "Attending Physician," "Physician/PA," and "Physician's Assistant"). And in the MSS, Mr. Secoy stated that his opinion was based on treatment of Plaintiff from October 25, 2010 to April 27, 2012. TR. 516; *see also* TR. 484 (insurance paperwork stating that Mr. Secoy had begun treatment of Plaintiff on October 25, 2010). And at the hearing, Plaintiff testified that he saw Mr. Secoy for treatment approximately once a month for "over a year." (TR. 35).

Second, the ALJ stated that there was "no statement of the clinical facts and findings supporting the conclusions of Physician's Assistant Secoy." (TR. 16). But this statement is untrue, as Mr. Secoy clearly stated that the MSS opinions were based on:

6

(1) diagnoses of degenerative joint and disc disease, arthralgia, spinal stenosis, and chronic sciatic pain and (2) findings of poor range of motion and increased pain with strain on Plaintiff's back. (TR. 16). These conclusions, in turn, are supported by Mr. Secoy's internal progress notes. *See* TR. 475-476 (progress note dated October 25, 2010, documenting diagnoses of degenerative disc disease, spinal stenosis, sciatica, low back pain, tenderness on examination at L5-S1, and decreased range of motion, and statement that Plaintiff "Has seen neurosurgeon. No repair possible. . . . No relief from pain management); TR. 473 (progress note dated January 11, 2011 stating "increased pain, intensity & frequency. . . . Unable to sit for more than 20 or 30 minutes without pain becoming very unbearable. Increased pain with bending or stooping."); TR. 483 (juror hardship request authored by Mr. Secoy, stating that Plaintiff "suffers from degenerative joint disease making it painful for him to sit more than 20 or 30 minutes at a time."); TR. 484 (insurance form authored by Mr. Secoy stating that Mr. Rowell is unable to bend, or lift, carry, push, or pull, more than 10 pounds).

The ALJ incorrectly stated that the MSS lacked supporting clinical facts and findings, as the support was clearly outlined on page two of the document. (TR. 516). Furthermore, the ALJ blatantly ignored supporting evidence in the form of Mr. Secoy's progress notes and other evidence. This disregard warrants reversal. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects.").

Finally, the ALJ stated that Mr. Secoy's findings were "not consistent with the credible evidence of record." (TR. 16). This rationale is insufficient because the ALJ fails to explain the alleged inconsistencies and the Court is left to speculate in this regard. Furthermore, the statement is perplexing because elsewhere in the opinion, the ALJ cites evidence which is *consistent* with Mr. Secoy's findings.

For example, the ALJ notes:

- Dr. Randall Estep's October 2009 diagnosis of back pain and examination findings that Plaintiff's range of motion was slow and guarded;

- Dr. Lance Rossen's opinion that Mr. Rowell had sustained an injury to his lumbarsacral back and could not rule out "lumbar disc derangement with radiculopathy";

- MRI findings "mild multi-level degenerative changes" and "mild degenerative changes at L5-S1";

- Treatment notes showing "Back pain lumbar area with sciatic";

- Progress notes from Dr. Scott Mitchell that Plaintiff had "degenerative changes at L5-S1, minimal disc bulge at L2-3, diffuse disc bulge at L3-4, and disc bulge at L4-5" and a diagnosis of "lumbar disc displacement" requiring a lumbar epidural steroid injection; and

- Findings from Dr. Luther Woodcock that Plaintiff suffered from "lumbar disc displacement" and "limited range of motion in the back."

(TR. 14-15). The ALJ cites these findings but gives no explanation regarding his treatment of them. (TR. 14-15). If the ALJ had discounted the opinions, perhaps his rationale for rejecting the MSS opinions would have been sustained. But the ALJ's recitation of evidence which *supports* Mr. Secoy's opinions, without explanation regarding his treatment of the opinions, only lends further confusion regarding the ALJ's statement that Mr. Secoy's opinions "were not consistent with the credible evidence of

record." (TR. 16). Contrary to the mandates of SSR 06-03p, the ALJ's discussion of the evidence does not "allow[] a claimant or subsequent reviewer to follow the adjudicator's reasoning." The legal error warrants reversal.

In addition to improperly rejecting Mr. Secoy's opinion regarding Plaintiff's abilities to lift, carry, sit, stand, and walk, the ALJ also apparently rejected Mr. Secoy's opinions with respect to Plaintiff's abilities to climb, balance, stoop, kneel, crouch, reach, handle, finger, feel, need to lie down during the day, and need for environmental restrictions. Mr. Secoy had outlined specific restrictions in these areas, but the ALJ did not include them in the RFC or explain why he had failed to do so. The lack of explanation was erroneous. *See* SSR 06-3p, 2006 WL 2329939, Westlaw op. at 5.

In considering "other source" evidence, the ALJ must consider the evidence, explain the weight given, and provide an adequate rationale which allows a reviewing party to follow the adjudicator's reasoning. The ALJ erred in this regard- -he selectively reviewed the evidence, his explanations were faulty, and his analysis did not allow for a proper subsequent review by the Court. Due to these errors, remand is appropriate for further consideration of Mr. Secoy's opinion in accordance with SSR 06-03p.

## VI. PLAINTIFF'S REMAINING ALLEGATION

Plaintiff also alleges an error in the credibility analysis. But the Court need not consider this allegation as it may be affected on remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.")

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative proceedings.

**ENTERED** on April 8, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE